IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ELIGAH DARNELL, JR.,** § | |
| Institutional ID No. 1695278 § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:22-CV-712-O |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the petition of Eligah Darnell, Jr., under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**. Further, there is no need for an evidentiary hearing; nor is Petitioner entitled to one. Accordingly, his motion for evidentiary hearing must be **DENIED**.

**I.   BACKGROUND**

Petitioner pled guilty to failing to comply with a sex offender's duty to register and true to having previously been convicted of another felony for failure to comply with sex offender registration requirements under Case No. 1575071D in the 432nd Judicial District Court, Tarrant County, Texas, and was sentenced to a ten-year term of imprisonment. ECF No. 17-22 (SHCR-49) at 6–8. Petitioner attempted to appeal, ECF No. 17-5 (7-02-21 Mtn. to Proceed Pro Se on Appeal), even though he had waived the right to do so. ECF No. 17-3 (8-2-21 Supp. Clerk's Record) at 8. (Petitioner's plea agreement papers also reflected his waiver of right to appeal. ECF No. 17-4 (8-3-21 Supp. Clerk's Record) at 6–7.) By letter dated October 15, 2021, the Court of Appeals for the Second District of Texas informed Petitioner that unless he could show cause for

continuing the appeal, it might be dismissed. ECF No. 16, Ex. A. Petitioner responded, alleging that he did not recall signing any waiver. *Id.*, Ex. B at 2. The appeal was dismissed. *Darnell v. State*, No. 02-21-00076-CR, 2021 WL 5227172 (Tex. App.—Fort Worth Nov. 10, 2021, pet. ref'd). The Court of Criminal Appeals of Texas refused his petition for discretionary review. *Id.*

Petitioner filed a state application for writ of habeas corpus, ECF No. 17-22 (SCHR-49 Writ Rec'd) at 13–28, which was denied without written order on the findings of the trial court and on the Court's independent review of the record. ECF No. 17-26 (SCHR-49) Action Taken.

## II.     GROUNDS OF THE PETITION

Petitioner asserts four grounds in support of his federal habeas application. In his first ground, he alleges that he was denied the right to appeal and that an employee of the Tarrant County District Clerk's office interfered with his right to appeal by altering records and denying access to records. ECF No. 1 at 6. In his second ground, he alleges that his judgment is based on a void judgment used for enhancement. *Id.* In his third ground, he alleges that he received ineffective assistance of counsel because his attorney failed to object to the void sentence enhancement and failed to consult with him about his right to appeal his Fourth Amendment claim, rendering his plea involuntary. *Id.* at 7. And, in his fourth ground, Petitioner alleges that he was denied a due process hearing on his Fourth Amendment motion to dismiss the indictment. *Id.* The petition is accompanied by a memorandum of law. ECF No. 3.

## III.    APPLICABLE LEGAL STANDARDS

### A.      Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court

proceedings unless the petitioner shows that the prior adjudication:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210

3

F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.     Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001). Where a petitioner fails to exhaust his state remedies and any attempt to exhaust those remedies would now be procedurally barred, those claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented

at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

    **C.**    **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the

5

Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

As Respondent notes, Petitioner failed to exhaust all but his second ground and the part of the third ground alleging that counsel was ineffective in failing to object to the void sentence enhancement. ECF No. 16 at 13–15 & nn. 8 & 9. Petitioner did not exhaust any of his grounds on direct appeal, because his appeal was dismissed. Although he attempted to raise some of them in his petition for discretionary review, exhaustion requires that the claims be raised both before the appellate court and Court of Criminal Appeals. *Castille*, 489 U.S. at 351; *Myers v. Collins*, 919 F.2d 1074, 1076–77 (5th Cir. 1990). Petitioner's state habeas application raised only the alleged invalidity of the enhancement paragraph of the indictment and counsel's ineffectiveness in that regard. ECF No. 17-22 (SHCR-49 Writ Rec'd) at 18–19, 32–34; ECF No. 17-23 (Supp. Clerk's Record) at 9–12.

Petitioner could not now raise his unexhausted claims because they would be procedurally barred under the Texas abuse of the writ rule. Tex. Code Crim. P. Art. 11.07, § 4; *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000) (*en banc*). Thus, they cannot be raised here absent a showing of cause and prejudice. *Coleman*, 501 U.S. at 735 n.1; *Fearance v. Scott*, 56 F.3d

633, 642 (5th Cir. 1995). Petitioner has not attempted to make such a showing. Indeed, it does not appear that he could, as he has no one but himself to blame for the manner in which the post-judgment proceedings were conducted. *See* ECF No. 17-2 (Supp. Reporter Record) at 6 (Petitioner stating that he desired to proceed *pro se* on appeal despite knowing the dangers of self-representation).[1] Petitioner knew at the time of his appeal that he had waived, or was alleged to have waived, his right to appeal, including the right to appeal pretrial motions. *Darnell*, 2021 WL 5227172, at *1.

Petitioner makes the allegation that his plea was involuntary because counsel failed to consult with him about the waiver of all pretrial motions. ECF No. 3 at 23. Although this ground was waived, Petitioner could not prevail on it in any event given that the record establishes that his plea was knowing, intelligent, and voluntary. Petitioner testified under oath that he understood the charges against him and the penalty he faced and determined that he would voluntarily accept the State's ten-year plea offer. ECF No. 17-1 (Reporter Record) at 6–9. His interactions with the trial judge reflect that he knew exactly what was going on and what he was doing. *Id.* at 9–15. Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, the written plea admonishments (reflecting Petitioner's waiver of all pretrial motions that had been filed and waiver of right to appeal) signed by him and his counsel in open court,[2] ECF No. 17-22 (SHCR-49 Writ Rec'd) at 59–64, are entitled to the presumption of correctness. *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir.

---

[1] Thus, this case is distinguishable from *Garza v. Idaho*, 139 S. Ct. 738 (2019), upon which Petitioner relies, where the petitioner's attorney failed to pursue an appeal despite petitioner's repeated requests that he do so.

[2] The document also contains the representation of counsel that he had fully reviewed and explained to Petitioner all of the admonishments, rights, and waivers and was satisfied that Petitioner was legally competent and that the plea would be knowing, voluntary, and intelligent. ECF No. 17-22 (SHCR-49) at 62.

1990); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Petitioner's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no evidence that he would have insisted on going to trial but for counsel's alleged incompetent advice. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

Because the plea was knowing, voluntary, and intelligent, Petitioner's claims regarding his Fourth Amendment motion, ECF No. 3, attach. 10, and ineffective assistance of counsel in that regard are waived. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Specifically, an objection to the use of a "prior invalid conviction for enhancement purposes" is waived by a guilty plea to the enhancement charge.[3] *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995). And, in any event, the state court's determination that the prior conviction used in the enhancement paragraph was properly identified as a third-degree felony and properly used to enhance the sentence[4] is a matter of state law not cognizable on federal habeas review. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

## V.   CONCLUSION

For the reasons discussed, the petition and motion for evidentiary hearing are **DENIED**.

---

[3] The Court notes that Petitioner testified that he understood the charge and the enhancement to which he was pleading true and that he had no questions about them. ECF. No. 17-1 at 5. Further, he had agreed to a ten-year sentence. *Id.* at 2, 8. (He acknowledged that he faced a sentence of up to twenty years. ECF No. 17-22 at 59.) His only concern was that the new sentence run concurrent with another sentence he was already subject to. ECF No. 17-1 at 7–12.

[4] *See* ECF No. 17-22 (SHCR-49 Writ Rec'd) at 83 (State's proposed conclusions of law nos. 5–7), 87 (order adopting State's findings of fact and conclusions of law). As the State explained in response to Petitioner's state court application, Petitioner's underlying conviction for failure to comply with sex offender registration requirements was a third-degree felony offense at the time it was committed. *Id.* at 54. Moreover, Petitioner had another prior felony conviction that could have been used to enhance his punishment. *Id.* at 54–55.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED** on this 25th day of January, 2023.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**